```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: AUG 1 2 2013
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA            :

    -v.-                             :

S.A.C. CAPITAL ADVISORS, L.P.,      :     PROTECTIVE ORDER ON CONSENT
S.A.C. CAPITAL ADVISORS, LLC,       :     13 Cr. 541 (LTS)
CR INTRINSIC INVESTORS, LLC, and    :
SIGMA CAPITAL MANAGEMENT, LLC,
                                    :
    Defendants.
                                    :
- - - - - - - - - - - - - - - - - x

       Upon the application of the United States Attorney for the Southern District of New York and S.A.C. CAPITAL ADVISORS, L.P., S.A.C. CAPITAL ADVISORS, LLC, S.A.C. CAPITAL ADVISORS, LLC, CR INTRINSIC INVESTORS, LLC, and SIGMA CAPITAL MANAGEMENT, LLC, the defendants herein, for the entry of a Protective Order, and for good cause shown,

IT IS HEREBY ORDERED THAT:

       1.  With the exception of otherwise publicly available documents and information, any documents and recordings, the information contained therein, and other information provided by the Government to the defendants pursuant to Federal Rule of Criminal Procedure 16, Title 18, United States Code, Section 3500, *Brady v. Maryland*, or *United States v. Giglio*, are deemed confidential ("Confidential Information").  Confidential Information disclosed to the defendants and/or their counsel during the course of proceedings in this action:

   a. Shall be used by the defendants and/or their counsel solely for purposes of this criminal action;

   b. Shall not be disclosed in any form by the defendants and/or their counsel to members of the media or used for any commercial or business purpose;

   c. Shall not be disclosed in any form by the defendants and/or their counsel except as set forth in paragraph 2 below.

   2. Confidential Information may be disclosed by the defendants and/or their counsel only to the following designated persons: (i) all personnel employed or retained by the defendants' counsel; (ii) expert witnesses or advisors retained by the defendants and/or their counsel in connection with the criminal case; (iii) prospective witnesses, and their counsel, to the extent deemed necessary by defense counsel for the purposes of the criminal proceedings in this case, except that no Confidential Information shall be provided to any defendant in any other pending criminal case, or his counsel, or any personnel employed or retained by the defendant's counsel, unless and until such time as the Government has produced such information to any such defendant or such defendant's criminal trial has concluded by verdict or other disposition; and (iv) such other persons as hereafter may be authorized by the Government or by order issued by any Court. If Confidential Information is provided to any

prospective witnesses, it may not remain in such person's custody at the conclusion of this action, and must be retrieved from the witness and returned to the Government in accordance with paragraph 6 below.

3. The defendants and/or their counsel shall provide a copy of this Order to the designated persons to whom they disclose Confidential Information pursuant to subparagraphs 2(i)-(iv), and shall obtain from such persons a written statement acknowledging that they are receiving materials that are "Confidential Information" pursuant to this Protective Order, and that they are bound by the terms of this Protective Order. The defendants and/or their counsel shall maintain a record of all such persons to whom they provide Confidential Information.

4. The defendants and/or their counsel shall store Confidential Information in a secure place and shall use reasonable care to ensure that the Confidential Information is not disclosed or disseminated to any third parties in violation of this Protective Order. In the event of an inadvertent disclosure of Confidential Information, the defendants and/or their counsel shall promptly notify the Court and the Government as to the identity of the recipient of the inadvertently produced Confidential Information and shall use all reasonable efforts to secure the return or destruction of the inadvertently produced Confidential Information.

5. The provisions of this Order shall not be construed as preventing the use or disclosure of any information in any motion, hearing, trial held in this action, any appeal therefrom, or to any Judge or Magistrate Judge of this Court or the Court of Appeals for purposes of this action, to the extent necessary to defend these criminal proceedings.

6. The defendants and/or their counsel agree that they have no ownership interest in the materials subject to this Protective Order, except that any preexisting ownership interest in such materials that exists shall not be affected by this Order. The defendants and/or their counsel further agree that all such materials are to be returned to the Government at such time as they are no longer needed in this action, at the end of the criminal proceeding, or upon Order of the Court, whichever occurs first, except that defense counsel may retain such materials as are annexed to pleadings filed with the District Court or the Court of Appeals in this case.

7. The defendants and/or their counsel will abide by the restrictions set forth in this Order unless one or more of the defendants and/or their counsel make a written request to the Government for an exception to these restrictions, and such a request is granted. The Government shall make all reasonable efforts to accommodate such exceptions. If such exceptions are refused, the defendants and/or their counsel may seek relief from the Court.

8. Nothing in this Order shall be deemed to prevent any party from seeking to amend this Order by mutual agreement approved by the Court, or by motion to the Court with notice to all parties.

9. This Order may be signed in counterparts and transmitted by facsimile and/or electronic copy, each of which counterparts will be deemed to be an original and which taken together will constitute the Order.

Dated: New York, New York
August 7, 2013

AGREED AND CONSENTED TO:

PREET BHARARA
UNITED STATES ATTORNEY

BY: _____
Antonia M. Apps
Arlo Devlin-Brown
John T. Zach
Assistant United States Attorneys

S.A.C. CAPITAL ADVISORS, L.P.

BY: _____
Martin Klotz, Esq.
Daniel Kramer, Esq.
(Counsel for S.A.C. CAPITAL
ADVISORS, LLC)

S.A.C. CAPITAL ADVISORS, LLC

BY: _____
Martin Klotz, Esq.
Daniel Kramer, Esq.
(Counsel for S.A.C. CAPITAL
ADVISORS, LLC)

CR INTRINSIC INVESTORS, LLC

BY: _____
Martin Klotz, Esq.
Daniel Kramer, Esq.
(Counsel for CR INTRINSIC
INVESTORS, LLC

SIGMA CAPITAL MANAGEMENT, LLC

BY: _____
Martin Klotz, Esq.
Daniel Kramer, Esq.
(Counsel for SIGMA CAPITAL
MANAGEMENT, LLC)

SO ORDERED:

_____ 8/12/13
HONORABLE LAURA T. SWAIN
UNITED STATES DISTRICT JUDGE

6